IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DIANE JORGENSEN,<br><br>      Plaintiff,<br><br>v.<br><br>WRIGHT MEDICAL GROUP, INC., a Delaware corporation, and WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE<br><br>Case No. 2:18-CV-366 TS-EJF<br><br>District Judge Ted Stewart |

This matter is before the Court on Wright Medical Technology, Inc.'s Partial Motion to Dismiss Plaintiff's Complaint and Motion to Strike.[1] Defendant seeks dismissal of Plaintiff's first, fifth, sixth, eighth, ninth, and tenth causes of action and seeks to strike Plaintiff's request for punitive damages and prejudgment interest. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I. BACKGROUND

Plaintiff brings this action alleging that she sustained injuries stemming from allegedly defective hip implant devices manufactured and sold by Wright Medical Technology, Inc. (the "Wright Hip System"). Plaintiff alleges she underwent a right total hip replacement in June 2009 and later underwent a left total hip replacement in 2010. In both surgeries, Plaintiff used a Wright Hip System.

---

[1] Defendant Wright Medical Group, Inc. has filed a motion to dismiss for lack of personal jurisdiction. Should that motion be denied, Wright Medical Group, Inc. joins the instant Motion.

Plaintiff alleges that because of the design, manufacture, and composition of the device, Plaintiff's Wright Hip System detached, disconnected, created metallic debris, and/or loosened from Plaintiff's acetabulum. This allegedly caused debilitating pain, decreased mobility, and emotional distress. Plaintiff then underwent revision surgery to remove the Wright Hip implants.

Plaintiff's Complaint asserts ten causes of action. Defendant seeks partial dismissal of Plaintiff's Complaint.

## II. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[3] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[5]

---

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[7]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[8] and "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[9] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[10]

Rule 12(f) of the Federal Rules of Civil Procedure states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.[11] Such motions "should be denied unless the challenged allegations

---

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[8] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[9] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[10] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[11] 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380.

have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."[12]

III. DISCUSSION

Defendant seeks dismissal of Plaintiff's first, fifth, sixth, eighth, ninth, and tenth causes of action and seeks to strike Plaintiff's request for punitive damages and prejudgment interest. The Court will discuss each issue in turn.

A. STRICT LIABILITY - MANUFACTURING DEFECT

Utah law recognizes three types of product defects: "manufacturing flaws, design defects, and inadequate warnings regarding use."[13] To succeed on a manufacturing defect claim, "a plaintiff must prove that (1) the manufacturing defect made the product unreasonably dangerous, (2) the defect was present at the time of the product's sale, and (3) the defect caused the plaintiff's injury."[14] "[A] manufacturing defect claim, by its nature, involves a deviation from the product's design specifications, to the injury or potential injury of a user. The gravamen of the tort is not defective design but defective execution of the design."[15]

Plaintiff alleges "that the Wright Hip System implanted in Plaintiff was defectively manufactured because it differed from the manufacturer's design and specifications, or from typical units of the same product line."[16] This is a conclusory statement that fails to satisfy the pleading standard. Plaintiff does not identify what component of the system was defectively

---

[12] *Id.* § 1382.

[13] *Grundberg v. Upjohn Co.*, 813 P.2d 89, 92 (Utah 1991).

[14] *Kirkbride v. Terex USA, LLC*, 798 F.3d 1343, 1351 (10th Cir. 2015).

[15] *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 867 (10th Cir. 2003).

[16] Docket No. 2 ¶ 39.

4

manufactured, how it differed from the design and specifications, or how that deviation caused her injuries. Without such allegations, Plaintiff's claim must be dismissed. In response to the Motion to Dismiss, Plaintiff argues that her claim is sufficient because a properly functioning artificial hip would not have caused the damages she alleges she suffered. Even accepting this, it fails to demonstrate that the product was allegedly defective as a result of a manufacturing flaw. Therefore, the Court will dismiss this cause of action.

B.     NEGLIGENT FAILURE TO RECALL/RETROFIT

Plaintiff's fifth cause of action alleges that Defendants were negligent in failing to recall, retrofit, or warn patients of physicians about the alleged dangers of the Wright Hip System. Defendant argues that there is no basis under Utah law to impose a post-sale duty to retrofit or recall. Plaintiff failed to respond to Defendant's Motion as to this claim and it will be dismissed.

C.     BREACH OF EXPRESS WARRANTY

To prove that there was an express warranty, Plaintiff must show that Defendants made affirmations or promises, including product descriptions, that became a basis of the bargain.[17] Here, Plaintiff alleges generally that Defendants made certain representations to physicians and patients about the safety and efficacy of the Wright Hip System.[18] What is missing from Plaintiff's Complaint, however, is any allegation that these representations became a basis of the bargain.

---

[17] Utah Code Ann. § 70A-2-313(1).

[18] In her response to the Motion to Dismiss, Plaintiff cites more detailed representations. However, these representations were not contained in the Complaint, nor referenced therein. Additionally, Plaintiff has not requested that the Court take judicial notice of the documents she submitted with her response and the Court declines to do so on its own. Therefore, they are not properly before the Court for consideration. Even considering those documents, the outcome remains the same.

5

In response to the Motion to Dismiss, Plaintiff states that "[w]e know that Wright's representations about safety and performance became the basis of the bargain because Mrs. Jorgensen selected and received a Wright prosthetic hip system during her total hip replacement surgeries on June 1, 2009, and January 25, 2010."[19] However, there are no allegations in the Complaint that would support this statement. While Plaintiff argues that she had other options when selecting a hip device, there is no allegation that Plaintiff was aware of any of Defendant's alleged representations or that she or her physician relied on them in determining which hip implant to choose. Therefore, Plaintiff's claim fails.

D.  FRAUDULENT MISREPRESENTATION AND FRAUDULENT CONCEALMENT

The elements of a claim for fraudulent misrepresentation are: (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[20]

The elements of fraudulent concealment are: (1) the nondisclosed information is material, (2) the nondisclosed information is known to the party failing to disclose, and (3) there is a legal duty to communicate.[21]

Plaintiff's fraud claims are subject to the requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that when "alleging fraud or mistake, a party must state with

---

[19] Docket No. 14, at 9.

[20] *Larsen v. Exclusive Cars, Inc.*, 97 P.3d 714, 716 (Utah Ct. App. 2004).

[21] *Smith v. Frandsen*, 94 P.3d 919, 923 (Utah 2004).

particularity the circumstances constituting fraud or mistake." "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[22]

Plaintiff alleges that Defendants fraudulently misrepresented to the medical community and the general public that the Wright Hip System was safe and effective. Plaintiff also alleges that Defendants fraudulently concealed and suppressed adverse information relating to the safety and performance of the Wright Hip System. These allegations are insufficient under Rule 9(b). Plaintiff does not allege who made the alleged misrepresentations or omissions and when or where they occurred. Plaintiff fails to adequately set forth the time, place, and contents of the representations and omissions. Moreover, Plaintiff fails to adequately allege that the alleged misrepresentations were made to her or her physician and that they were relied upon by them. Additionally, as to her fraudulent concealment claim, Plaintiff has failed to allege the existence of a duty. Therefore, Plaintiff fails to meet the pleading standard required by Rule 9(b).

In response to the Motion to Dismiss, Plaintiff argues that a less onerous standard should apply to her fraud claims. However, Plaintiff's argument is inconsistent with Tenth Circuit precedent. Further, to support her claim, Plaintiff also points to Defendants' FDA filing in which they represented that the Wright Hip System was "substantially equivalent" to other hip replacement products on the market and omitted certain distinguishing features.[23] However, Plaintiff's claim cannot be based on Defendant's alleged false statement to the FDA because

---

[22] *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (internal quotation marks and citation omitted).

[23] Docket No. 2 ¶ 17.

"state-law fraud-on-the-FDA claims conflict with, and are therefore impliedly pre-empted by, federal law."[24] For these reasons, Plaintiff's fraud claims must be dismissed.

E.   NEGLIGENT MISREPRESENTATION

"The elements of negligent misrepresentation are similar to those of fraud except that negligent misrepresentation 'does not require the intentional mental state necessary to establish fraud.'"[25] Plaintiff's negligent misrepresentation claim is also subject to the requirements of Rule 9(b).[26] For substantially the same reasons that Plaintiff's fraud claims are subject to dismissal, so too is her negligent misrepresentation claim. Plaintiff fails to adequately allege the alleged false representations and fails to allege sufficient facts demonstrating reliance.

F.   PUNITIVE DAMAGES

Under Utah law,

> punitive damages may be awarded only if compensatory or general damages are awarded and it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.[27]

Defendant argues that Plaintiff's request for punitive damages should be stricken because the remaining claims would, at most, "rise only to the level of negligence."[28] "While simple

---

[24] *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001).

[25] *Shah v. Intermountain Healthcare, Inc.*, 314 P.3d 1079, 1085 (Utah Ct. App. 2013) (quoting *Price-Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc.*, 713 P.2d 55, 59 n.2 (Utah 1986)).

[26] *Heaton v. Am. Brokers Conduit*, 496 F. App'x 873, 876 (10th Cir. 2012) (citing *Kuhre v. Goodfellow*, 69 P.3d 286, 291–92 (Utah Ct. App. 2003)).

[27] Utah Code Ann. § 78B-8-201(1)(a).

[28] Docket No. 7, at 21.

negligence will not support punitive damages, negligence manifesting a knowing and reckless indifference toward the rights of others will."[29]

At this stage of the litigation, the Court is unwilling to strike Plaintiff's request for punitive damages. As set forth above, motions to strike are disfavored and rarely granted. It is unclear at this point whether Plaintiff will be able to demonstrate that Defendant's alleged negligence manifests a knowing and reckless indifference toward the rights of others. Therefore, the Motion will be denied on this ground.

G.  PREJUDMENT INTEREST

Under Utah law,

> In all actions brought to recover damages for personal injuries sustained by any person, caused by the negligence or willful intent of another person, corporation, association, or partnership, and whether the injury was fatal or otherwise, the plaintiff, including a counterclaim plaintiff or a crossclaim plaintiff, in the complaint may claim interest on special damages actually incurred.[30]

"[S]pecial damages are 'those expenses that [plaintiffs] have paid out of pocket, for which they have used their own money and which they will not get until the settlement of their action.'"[31] Special damages do "not include damages for future medical expenses, loss of future wages, or loss of future earning capacity."[32]

The Court declines to strike Plaintiff's request for prejudgment interest. Defendant is correct that Plaintiff requests prejudgment generally and, in some circumstances, would be precluded by statute. However, Plaintiff also requests damages for past medical expenses, lost

---

[29] *Diversified Holdings, L.C. v. Turner*, 63 P.3d 686, 699 (Utah 2002).

[30] Utah Code Ann. § 78B-5-824(1).

[31] *Corbett v. Seamons*, 904 P.2d 229, 235 (Utah Ct. App. 1995) (quoting *Gleave v. Denver & Rio Grande W. R.R. Co.*, 749 P.2d 660, 672 (Utah Ct. App. 1988)).

[32] Utah Code Ann. § 78B-5-824(6).

9

wages, and loss of earning capacity. Such damages may constitute special damages that would allow recovery of prejudgment interest under the statute.[33] Any concerns that Defendant has can be address by a special verdict form at the appropriate time. Therefore, the Motion is denied on this ground.

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's Complaint and Motion to Strike (Docket No. 7) is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED this 5th day of November, 2018.

BY THE COURT:

Ted Stewart
United States District Judge

---

[33] *Id.* (past lost earning capacity); *Gleave*, 749 P.2d at 673 (medical expenses and lost wages).